McDANIEL _v._ BERGER.

Opinion delivered January 25, 1909.

89    139<br>f89    209

1. TAX TITLES—CONSTRUCTION OF STATUTE.—Kirby's Digest, § 7105, providing that "no person shall be permitted to question the title acquired by a deed of the clerk of the county court, without first showing that he or the person under whom he claims title to the property had title thereto at the time of the sale, or that title was obtained from the United States or this State after the sale," does not apply in case of conflicting tax titles. (Page 142.)

2. CLOUDS ON TITLE—REMOVAL—PLAINTIFF'S TITLE.—The plaintiff in a suit to quiet title must succeed, if at all, upon the strength of his own title and not upon the weakness of his adversary's. (Page 142.)

3. TAX TITLES—SALE ON WRONG DAY.—A tax sale on the 11th of June, 1883, for the taxes of 1882 was void. _Allen_ v. _Ozark Land Co._, 55 Ark. 549, followed. (Page 143.)

Appeal from Craighead Chancery Court; _J. D. Block_, Special Chancellor; affirmed.

STATEMENT BY THE COURT.

This was a proceeding brought by Henrietta Berger to confirm the tax sale of 290.36 acres in a square in the northeast corner of section 9, township 13 north, range 2 east, Craighead County. The petition alleged that said land was returned delinquent for the non-payment of the taxes for the year 1895, and sold by the collector of revenue at the tax sale held June 8, 1896, and purchased at said sale by Marcus Berger, who afterwards, on June 18, 1898, received a tax deed thereto from the clerk of the county court of Craighead County, and that Marcus Berger died in 1906, after having devised said land by his will to his wife, Henrietta Berger. The petition further alleges payment of taxes for three years next before the filing of the petition, etc.

Ed. McDaniel filed an intervention and cross petition as to the E. ½ of the N. W. ¼ and the N. W. ¼ of the N. E. ¼ of sec. 9, township 13 north, range 2 east, in which he denied all the material allegations in the petition of Henrietta Berger for confirmation, and alleged as his cause of action in his cross petition that he was the owner of said land described in the intervention, and that he obtained title thereto as follows: That said land was forfeited to the State of Arkansas for the non-payment of the taxes for the year 1881 and 1882, and that the title thereto

remained in the State until the 19th day of March, 1906, on which date he received a donation certificate thereto from the State Land Commissioner.

The petitioner, Henrietta Berger, dismissed her petition for confirmation as to the lands described in the intervention, and filed an answer and cross-complaint to the intervention, in which her title was alleged as in her petition for confirmation, and in which she further alleged that the forfeiture of 1881 and 1882 was void and passed no title to the State, alleged payment of taxes thereon for more than seven years, answered the allegations of the intervention, and asked that her title thereto be quieted.

The plaintiff, Ed. McDaniel, thereupon filed an amended intervention, answer and cross-petition, in which it was alleged, in addition to the matters alleged in the original intervention, that the tax sale for the year 1895, under which the defendant claims title, was void for the reasons therein set forth, and asked that said sale be set aside as a cloud upon his title.

The appellant introduced the records of the Craighead County Court showing the levy of taxes on the lands in controversy for the years 1881 and 1882, also the record showing that all of the lands in section 9 were returned delinquent for the non-payment of the taxes for the year 1881. The deed record was introducd, showing the certificate of the clerk of the county court that all the lands in section 9 were forfeited for the non-payment of the taxes of the year 1881. Appellant also introduced the donation certificate dated March 19, 1906, and the certificate of the Commissioner of State Lands extending his time for establishing his residence upon the land described in his certificate of donation. The deposition of appellant showed that he had built a house on the land and cleared about one-half of an acre around the house; that he began these improvements about February 9, 1907; that he was a married man but was not living on the land; that the house had one room, was worth about fifty dollars; that he had not yet put the roof on same, but had the boards there ready; that he had lived on the lands altogether only about seven days from the last of January, 1906, till about the 9th of February, 1907.

The appellee, to sustain the issue on her part, introduced in

evidence the record of the county court showing the opening order and levy of taxes for the year 1895. The opening order recites "that on this the 21st day of October, 1895, the day fixed by law for the holding of a regular term of the county court, the day for holding this court having commenced on this day under the provisions of section 1163 of Sandels & Hill's Digest of the Statutes of the State of Arkansas, on account of the day provided by law for holding this court, the circuit court of this county was also in session pursuant to the time for holding said court." The record also shows that a majority of the justices of the peace of the county were present, and that the tax levy was made with the list of real estate to be assessed for taxation in Craighead County for the year 1895, the list of real estate subject to taxation, the record of lands delinquent for the year 1895, showing that all of section 9 was listed and returned delinquent for the taxes of 1895 in the name of J. E. Sickles; also the record of land sold to individuals for 1895, and the tax deed to Marcus Berger, the will of Marcus Berger, and the records of the tax receipts showing payment of taxes on the land in controversy for the years 1903, 1904 and 1905. This was all the evidence introduced.

The decree recites that the cause was "heard upon the petition and exhibits, the intervention of Ed. McDaniel as to certain lands, cross-complaint of Ed. McDaniel, answer and cross-complaint of Henrietta Berger, amended answer, intervention and cross-complaint of Ed. McDaniel, the tax records of Craighead County referred to in the pleadings introduced by agreement, the deeds, tax receipts, deposition of Ed. McDaniel and other evidence, and the court finding that at the fall term, 1907, of this court the petitioner Henrietta Berger in open court dismissed her petition and prayer for confirmation of the land as to which Ed. McDaniel intervened, and that the cause now stands upon the cross-complaint of Ed. McDaniel and the other pleadings referred to above." The court then found that the forfeiture and sale of the lands relied on by appellant were void, and that appellant acquired no title by his donation certificate or otherwise to the lands claimed by appellee, and dismissed his bill to remove cloud and quiet title for want of equity.

Appellant, *pro se.*

1. Berger, under whom appellee claims, could have obtained no title from the State, since the State had title at the time of the tax sale for 1895, by reason of the forfeiture for the taxes of 1881. 84 Ark. 1; 73 Ark. 557. Appellant, who claims under a donation certificate issued to him after the tax sale under which appellee claims, should be permitted to question her title. Kirby's Digest, § 7105; 68 Ark. 426.

2. The tax sale is invalid for failure of the levying court to meet at the time required by law. 69 Ark. 576; 68 Ark. 340.

*Chas. D. Frierson,* for appellee.

Appellant, being the plaintiff, must recover, if at all, on the strength of his own title, and not on the weakness of appellee's. The statute relied on by appellant, Kirby's Digest, § 7105, does not apply in cases of conflicting tax titles. 74 Ark. 383; 55 Ark. 192.

WOOD, J., (after stating the facts.)    Section 7105 of Kirby's Digest provides: "No person shall be permitted to question the title acquired by a deed of the clerk of the county court, without first showing that he, or the person under whom he claims title to the property, had title thereto at the time of the sale, or that title was obtained from the United States or this State after the sale."

This court in the case of *Rhea* v. *McWilliams,* 73 Ark. 557, held that the above statute does not apply in case of "conflicting tax titles." That case rules this. The pleadings, the evidence, and the recitals of the decree show that this case was a controversy over conflicting tax titles. Although the suit was begun by appellee to confirm tax title, the record shows that such suit was abandoned by her, and the cause proceeded to final hearing as a suit by appellant against appellee to cancel her tax title and to thus remove it as a cloud from appellant's alleged tax title and to quiet his title. As the cause was finally heard, it was not a confirmation proceeding at all. Hence the case of *Thweatt* v. *Howard,* 68 Ark. 426, relied on by appellant, has no application. The burden was upon appellant. He had to rely upon the strength of his own title, and not upon the weakness of the title of his adversary. *St. Louis Refrigerator & Wooden Gutter Co.* v. *Thornton,* 74 Ark. 383; *Osceola Land Co.* v. *Chicago Mill &*

*Lumber Co.,* 84 Ark. 1. Appellant claims title under a forfeiture and sale of the land for the taxes of 1881 and 1882. The record of tax sales in evidence shows that the lands were sold for the taxes of those years on the 11th day of June, 1883. The sale of land for the delinquent taxes of 1882, made on the 11th day of June, 1883, was void. *Allen* v. *Ozark Land Co.,* 55 Ark. 549. Appellant had no deed to the land, and under the showing made in this record was not entitled to one. He had no title to quiet, and the judgment of the chancery court dismissing his complaint for the want of equity is therefore affirmed.