## WILSON *v*. ROGERS.

### Opinion delivered January 23, 1911.

1. QUIETING TITLE—BURDEN OF PROOF.—In an action to remove a cloud upon title the plaintiff must recover, if at all, upon the strength of her own title and not upon the weakness of the title of her adversaries. (Page 370.)

2. SAME—SUFFICIENCY OF PLAINTIFF'S TITLE.—Where the evidence in a suit to remove a cloud upon title established that plaintiff's privies in title actually and adversely occupied a portion of a tract of land with color of title to the whole for more than seven years when one of them conveyed to another that portion of the tract which was occupied, leaving the portion of the tract in controversy unoccupied, this was sufficient to authorize the removal of a cloud upon plaintiff's title. (Page 371.)

3. ADVERSE POSSESSION—CONTINUITY OF POSSESSION.—Where the owner of land in adverse possession thereof mortgaged same to another and

afterwards took a release from such mortgagee, the latter held in privity with the former, and the continuity of the former's adverse possession was not broken. (Page 371.)

Appeal from Boone Chancery Court; *T. Haden Humphreys,* Chancellor; affirmed.

*Pace & Pace,* for appellants.

1. Neither conveyances, nor color of title, nor payment of taxes, nor all combined, can give title under the statute of limitations. There must be proof of adverse possession for the requisite time. There is no such evidence here. 45 Ark. 81.

2. An acknowledgment of satisfaction of a mortgage *prima facie* imports extinguishment of the mortgage debt, and the burden to the contrary rests on the creditor. 42 Ark. 61.

3. Plaintiff must succeed on the strength of her own title, and the burden is on her. 90 Ark. 423.

*J. W. Story,* for appellees; *J. M. Shinn,* of counsel.

1. The answer of appellant is only a general denial, and raises no issue. 73 Ark. 221; 50 Ark. 536.

2. Appellants' tax deed is void, as the taxes had been paid. 77 Ark. 576.

3. Continuity of possession is proved. 34 Ark. 602; 38 *Id.* 192.

4. Color of title and seven years payment of taxes is sufficient. Kirby's Digest, § 655; 80 Ark. 414; 82 Ark. 56; 89 *Id.* 307; 128 S. W. 352.

McCulloch, C. J. Appellee instituted this action in the chancery court of Boone County to quiet her title to a tract of land containing 6.67 acres, situated near the town of Harrison in that county. Appellee claims investiture of title by adverse possession of her grantors for a period of about twenty years, and she seeks to cancel as a cloud on her title a sale of the land to the State of Arkansas for taxes, which sale is alleged to be void, and a deed to appellants made by the Commissioner of State Lands pursuant to said tax forfeiture.

The evidence shows that the taxes for which the lands were forfeited had been paid, and it follows, therefore, that the tax sale was in fact void. Appellee must recover, if at all, upon the strength of her own title, and not upon the weakness of the

title of her adversaries. *Lawrence* v. *Zimpleman,* 37 Ark. 644; *Sibly* v. *England,* 90 Ark. 420, and cases cited.

Appellee's chain of deeds constituting color of title runs back to the year 1870, and the evidence which she adduced tended to establish the fact that her grantors actually and adversely occupied a portion of the land, with color of title to the whole tract, from the year 1880, or thereabout, to the year 1895, when one of them conveyed to another grantee that portion of the tract which was occupied, leaving the portion now in controversy unoccupied. If this is true, the occupancy for more than seven years constituted complete investiture of title in appellee, and was sufficient to authorize the chancery court to cancel, at her instance, the void tax sale.

The chancellor found in her favor on the question of adverse occupancy of her grantors, and after consideration of the evidence we are of the opinion that it sustains the chancellor's findings.

It is insisted that the continuity of the possession was broken by the occupancy of another person, to whom one of appellee's grantors conveyed the land. In the year 1889 one of them, Henry Watkins by name, conveyed the land to Goodwin, and the latter gave a mortgage back to Watkins to secure the purchase price. The record of this mortgage appears subsequently to have been satisfied, and there is no other conveyance of the land by Goodwin to Watkins or to any of appellee's grantors. The mortgage executed by Goodwin to Watkins contained no reservation of the right of occupancy; and as the legal title passed under the mortgage, the right of possession followed the legal title. Conceding, without deciding, that the satisfaction of the mortgage restored the legal title to Goodwin, the continued possession of Watkins was not adverse to Goodwin, thus becoming a new point from which the statute of limitations would run, but it was in privity with Goodwin and prevented a break in the continuity of possession. This court, in *Memphis & L. R. Rd. Co.* v. *Organ,* 67 Ark. 84, approved the following statement of the law on this subject in 2 Wood on Limitations (§ 271): "If a successive privity exists between them, the last occupant may avail himself of the occupancy of his predecessors. * * * In order to create the privity requisite to enable a

subsequent occupant to tack to his possession that of a prior occupant,' it is not necessary that there should be a conveyance in writing. It is sufficient if it is shown that the prior occupant transferred his possession to him, even though by parol. So, too, the possession of a prior occupant may be passed by operation of law, as of an execution debtor to the purchaser of the land on execution sale."

We are of the opinion, therefore, that the evidence sustained the finding of the chancellor that there was privity of possession between the occupants for more than the statutory period, and that appellee is entitled to the benefit of it, which vested in her the title, at least against every one except Goodwin. Goodwin being in the chain of appellee's title and possession, the question of title as between him and appellee does not arise.

Appellee also claims title by payment of taxes for more than seven years; but, as her title on that ground is questioned, the views already expressed render it unnecessary to discuss that matter. We are of the opinion that from the evidence the decree of the chancellor is correct, and the same is affirmed.