JENNINGS v. BOULDIN.

Opinion delivered February 13, 1911.

1. APPEAL AND ERROR—REVERSAL—SUBSEQUENT PROCEEDINGS.—Where, upon a former appeal, it was adjudged that the trial court erred in directing a verdict for defendant, without determining the sufficiency of a demurrer to the answer, that question is not concluded upon a new trial. (Page 108.)

2. JUDGMENT—NECESSITY OF NOTICE OF LIS PENDENS.—One who purchases land from one in possession thereof without notice, either actual or constructive, of the pendency of an action against the seller to recover such land is not concluded by a judgment rendered therein against such seller. (Page 108.)

Appeal from Lawrence Circuit Court; *Charles Coffin*, Judge; reversed.

STATEMENT BY THE COURT.

This is the second appeal. The case is reported in 92 Ark. 299 *(Bouldin v. Jennings)*. It is an action of ejectment in which

appellees seek to recover the possession of certain land from appellants. The complaint and exhibits and parts of the answer are set out in the former opinion.

The appellees claim the land as the widow and children of James Tillman, who, they alleged, died seized and possessed of the land, and while occupying same as his homestead. The appellant claimed the land by virtue of a sale made by order of the probate court. The appellees here, who were appellants before, claimed on the former appeal that the order of the probate court directing a sale of the land was void because of imperfect description. We so held, saying: "The sale made described no land, the description in it not being sufficient to designate any." We further held that the attempt by the probate court to correct the description after the land had been sold under the insufficient description was void, saying: "The order amending the latter [the report of the administrator making the sale] was a new order, and was of no effect." The former opinion concluded as follows: "The court erred in directing the jury to return a verdict in favor of the defendant when the pleadings showed that he had no title to the land in controversy, but on the contrary it belonged to the plaintiff, and there was no evidence to the contrary." The cause was then reversed and remanded for new trial. On the second trial, C. A. Rankin was made a party, and he was permitted to answer and set up "that he purchased the lands sued for from W. S. Jennings as shown by copy of deeds hereto exhibited as exhibits, and after the judgment of the circuit court had been entered awarding the same to W. S. Jennings, and that he paid therefor the sum of ———— dollars; that his codefendant was in actual, open, adverse possession of the same, claiming to have an indefeasible title thereto. That no *lis pendens* or other notice as required by law had been filed with the clerk as required by law, and that he dealt with said Jennings without notice and as an innocent purchaser, and that, as between him and the plaintiffs, the proceedings had in this suit prior to the time he was served with notice of the pendency of said suit should not in any way affect his rights hereunder. He further answered, adopting substantially the answer of Jennings, and in addition denied that plaintiffs were the heirs of James Tillman, and that Tillman was the owner of the land, and denied that

the boundaries of the tract were laid with sufficient certainty to
be located by a surveyor. The answer of Jennings, after setting
out the proceedings in the probate court by which the lands were
alleged to have been sold and claiming under that sale, then set
up the five years statute of limitations for judicial sales and the
seven years statute of limitations. He further set up "that these
plaintiffs, after being fully advised of all the facts and circum-
stances in and about the sale, filed a suit in the circuit court of
Lawrence County for its eastern district against B. A. Morris
for the purchase money paid for the land sued for in this case,
and defendant pleads such acts as an estoppel against plaintiffs
in this suit."

A demurrer was interposed to these answers, general and
special, which the court sustained, and appellants have duly
prosecuted this appeal from final judgment entered in favor of
appellees.

*W. A. Cunningham,* for appellant.

1. The answers both of Jennings and of Bouldin presented
an issue for a jury in the denial that the land was the homestead
of James Tillman in his lifetime. A jury issue was also raised
by Rankin's answer, denying that plaintiffs are the heirs of Till-
man and denying that he owned the land.

2. The five years statute runs in favor of the purchaser at
a void judicial sale, when the sale is confirmed, and the court
had jurisdiction over the parties. 76 Ark. 150.

3. When the plaintiffs began and prosecuted to final de-
termination a suit against the administrator of Tillman's estate
for the proceeds of sale of this land, they thereby elected to treat
the sale as valid, and are estopped to claim that it was invalid.
65 Ark. 382; 64 Ark. 215; 84 Ark. 614; 1 Herman on Estop-
pel, 535.

4. Rankin's answer also raises the issue that he was an inno-
cent purchaser for value while the judgment of the circuit court
was standing and before an appeal was perfected, and that no
*lis pendens* had been filed by the plaintiffs. Kirby's Dig. § 5149;
Bennett on Lis Pendens, 372.

*W. E. Beloate,* for appellees.

1. The judgment of this court holding that the Tillman

heirs owned the land was not subject to review by the lower court. This was the only question in issue on the former appeal. 52 Ark. 473; 56 Ark. 170; 60 Ark. 50; 63 Ark. 141; 79 Ark. 185; 83 Ark. 545; 92 Ark. 557; 91 Ark. 397; 73 Ark. 513.

2.    Rankin's answer does not claim that he was a purchaser without notice, either actual or constructive, nor that he paid the purchase money before he had knowledge. He cannot acquire title under the plea of *lis pendens.* 92 Ark. 185.

3.    Jennings was neither misled nor injured by anything said or done by the Tillmans, as he purchased before they ever made any move; nor has Rankin claimed that he was misled by them. They must show these facts before they can invoke the doctrine of estoppel.· 89 Ark. 349.

4.    Confirmation does not cure jurisdictional defects. 74 Ark. 82. The five years statute could not apply.

WOOD, J., (after stating the facts). On the former appeal the only question decided by this court was that the order of the probate court directing a sale of the lands and the sale thereunder were void for want of sufficient description to designate any land. The petition for the sale containing such imperfect description gave the court no jurisdiction of the subject-matter, and the consequent order of sale and sale were void, and the new order attempting to correct the description was likewise void. The question was decided upon the undenied allegations of the complaint, as explained by the exhibits thereto. This court did not pass upon the sufficiency of the demurrer to the answer. It did not get to that. Although there was a demurrer to the answer on the first trial, which was overruled, and although the plaintiffs stood on their demurrer, and appealed from the judgment on a verdict directed in favor of the defendant, still when the cause reached us we only decided, as we have stated, that the probate court was without jurisdiction to confirm a sale of lands that was void by reason of an insufficient description of the land alleged to have been sold. We did not pass upon the demurrer to the answer then, and that is not *res judicata* now.

Moreover, the answer of Rankin presents the new issue of innocent purchaser from Jennings after the circuit court had rendered a judgment in his favor for the land in controversy. He alleged that no *lis pendens* or other notice had been filed

with the clerk as required by law, and that he dealt with said Jennings without notice and as an innocent purchaser. The allegations of the answer of Rankin that appellees had failed to comply with the *lis pendens* statute (section 5149, Kirby's Digest) and that he purchased the land from Jennings without notice state a defense, but state it imperfectly. The answer should have alleged that he purchased without notice, either actual or constructive, and that he paid the purchase money, setting up the facts, before getting any actual notice or any notice by a compliance on the part of appellees with the requirement of the statute *supra* as to notice of the *lis pendens*. One who purchases, having actual notice of the pendency of the suit, can not avail himself of the failure to give the *lis pendens* notice required by the statute. But the defects in the answer could and should have been reached by motion to make more specific and not by demurrer, for the answer did set up a defense, but one defectively stated. Jennings was in possession, and he could transfer that possession with what rights he had thereby in the land, if, any, to Rankin. *Wilson* v. *Rogers,* 97 Ark. 369. Whether he did so for value and without notice, actual or constructive, to Rankin of appellees' rights in the pending suit were questions of fact which were raised by the answer, and which should have been submitted to the jury. The denial also that the land claimed was the homestead of James Tillman in his lifetime presented an issue that should have gone to the jury.

The answer presented no defense on the five and seven years statutes of limitations as applicable to appellant Jennings. He purchased at a sale where the court did not have jurisdiction of the subject-matter by reason of the imperfect description of the land he claimed to have purchased. The confirmation for that reason was void, there being in fact no sale and no confirmation. This is not in conflict with *Nelson* v. *Cowling,* 77 Ark. 146, for in that case the court had jurisdiction of the parties and subject-matter—the portion of lands—but went beyond its jurisdictional limits in ordering part of the land sold for costs. The answer on its face shows its death wound, so far as the seven years statute of limitations is concerned as to Jennings. For the "defendant admits that at the January term of the court, 1901, the sale of the land under which he held possession was approved

and confirmed in January, 1901," and this suit was instituted in October, 1906. Seven years had not intervened between these dates.

For the error of the court in sustaining the demurrer in the particulars mentioned the judgment is reversed with directions, in these respects, to overrule the demurrer as to Rankin.