HORSEMAN *v.* HINCHA.

Opinion delivered April 21, 1919.

1. EJECTMENT—MATTERS TO BE PROVED.—In an action to recover land, where defendant denied only one link in the chain of title, it was unnecessary for plaintiff to introduce proof of any conveyances except the one put in issue.

2. ADVERSE POSSESSION—JURY QUESTION.—In an action to recover possession of land, where defendant claimed by adverse possession, a peremptory instruction for plaintiff under the evidence *held* erroneous.

3. ADVERSE POSSESSION—PERIOD—TACKING POSSESSION.—It is not essential to a successful claim of adverse possession that the land should have been occupied by either of the parties for the full statutory period, or that the conveyance from one to the other should be by deed, for the separate possession of each of them could be tacked together for the purpose of making out the full statutory period.

4. ADVERSE POSSESSION—TACKING POSSESSION.—An executed parol agreement by one to surrender possession to another is sufficient to constitute such continuity of possession and privity between the parties as to authorize tacking of possession and completion of title by limitation.

5. ADVERSE POSSESSION—ENCLOSURE—NATURAL AND ARTIFICIAL BAR-
RIERS.—In establishing adverse possession of land, it is no objec-
tion that natural barriers are taken advantage of, if the natural,
together with the artificial, barriers used are sufficient to clearly
indicate dominion over the premises, and to give notoriety to the
claim of possession.

Appeal from Randolph Circuit Court; *J. B. Baker,*
Judge; reversed.

*S. A. D. Eaton* and *Jerry Mulloy,* for appellant.

1. The court erred in taking the case from the jury
and directing a verdict.

2. It was error to withdraw and exclude from the
consideration of the jury that part of J. S. Fry's testi-
mony relative to the acts of Fry Brothers in exercising
ownership over the land and instructing the jury that
it would not consider it for the reason that there was no
evidence at that time tending to show that they did so
under claim of ownership. The law is contrary to the
declaration of the court. Under the evidence it was error
to direct a verdict. 89 Ark. 368; 96 *Id.* 451; 105 *Id.* 213.

*Campbell & Pope,* for appellee.

Appellant did not deny the execution of any deed or
muniment of title pleaded by appellee except the
deed from A. F. Rickman to appellee. The Rickman deed
was the only one introduced in eveidence because none of
the others were denied by appellant. Appellant went to
trial on the allegation of seven years adverse possession,
but the evidence only shows about one year's possession
before suit and the man from whom appellant claimed
title had only been in possession three years. The proof
as to Fry Brothers' possession was not sufficient, as they
were strangers to the record without any deed or color of
title, nor was it competent against appellee's claim and
proof of more than seven years open and adverse posses-
sion under color of title. Proof of a parol transfer of
title from Fry Brothers was not competent and the court
so properly held. 29 Ark. 500; 41 *Id.* 393; 46 *Id.* 96; 70
*Id.* 319; 77 *Id.* 551; 76 *Id.* 333; 54 *Id.* 444; 59 *Id.* 165; 70
*Id.* 232; 33 L. R. A. 821; 124 Tenn. 57; 21 R. C. L., p.

608, § 152; Pomeroy Rem. & Rights, etc., § 554. The case in 70 Ark. 232 is this case exactly. It was not error to refuse appellant the right to establish a defense not even suggested in his answer. 60 Ark. 526; 68 *Id.* 314; Pomeroy on Rem. & Rem. Rights, § 554. The court properly directed a verdict, as there was no case for a jury. *Supra.*

McCULLOCH, C. J.   Appellee instituted this action in the circuit court of Randolph County to recover possession of a tract of land in that county described as the northeast quarter of the southwest quarter (NE. ¼ SW. ¼), section 30, in township 20 north, range 1 west, containing 38.32 acres, of which appellant is alleged to wrongfully hold possession.

In the complaint appellee deraigned title from the Government of the United States and claimed immediately under a deed from one Rickman. Appellant answered denying that Rickman conveyed the land to appellee, and also claimed title by adverse possession for more than seven years and pleaded the statute of limitation. During the progress of the trial appellant amended his answer by permission of the court so as to allege that the land in controversy was formerly occupied by the members of a copartnership under the style of Fry Brothers, who held the land in adverse possession and conveyed to J. S. Fry, who occupied the same for about three years from the time of his purchase, in November, 1914, from Fry Brothers, until he sold the land to appellant in April, 1917.

The case was tried before a jury, and, after the introduction of testimony had been completed, the court instructed the jury to return a verdict in favor of appellee, which was done and judgment in appellee's favor was accordingly rendered.

It is contended in the first place that appellee failed to establish his chain of title in that he introduced none of the deeds except the deed from Rickman; but counsel for appellee correctly answer this contention by showing

that appellant did not in his pleadings deny the allegations of the complaint with respect to any of the conveyances in the chain of title except the conveyance from Rickman to appellee, and to sustain the issue on that point appellee introduced the Rickman deed, which was sufficient under the pleadings to make out his chain of title. It then devolved on appellant to make good his plea of title by adverse possession.

According to the undisputed testimony, appellee owns lands adjoining the land in controversy on the north and west, and appellant owns the lands adjoining it on the south. There is a fence on the line between this land and the tract owned by appellee on the west, and also on the north line of this land between it and the land of appellee. There is also a fence about a quarter of a mile to the south of this land running parallel with the south line. The north and south fences just mentioned connect with the fence on the west and extend eastward to the banks of a certain river or creek which forms the east boundary line of this tract.

The testimony adduced by appellant tended to show that Fry Brothers took actual possession of the land in controversy more than seven years before the commencement of this action and occupied the same, claiming to be the owners thereof until they sold the land by parol agreement to J. S. Fry, who took possession and occupied it claiming to be the owner until he conveyed it to appellant in April, 1917, a little less than a year before the commencement of this action. The testimony also shows that a little more than seven years before the commencement of this action there arose a question as to whether the fence on the west line of this tract between it and appellee's land was really on the correct line, and by agreement between Fry Brothers, the then occupants of this land, and appellee, the line was run out by a surveyor and the fence was rebuilt on the correct line thus ascertained. Appellee then had in cultivation a small part of this land containing about one-quarter of an acre in the northwest corner, and when the survey was made and the

fence was rebuilt it cut off this tract in cultivation from the other lands of appellee, and he ceased to cultivate it, or to assert any further claim to it. The testimony tended to show that appellee agreed to this survey and made no claim to any of the lands in controversy.

The court erred in taking the case from the jury by peremptory instruction. The evidence was sufficient to show that appellant, and those under whom he claimed title, actually occupied the land under claim of title for more than seven years prior to the commencement of this action. It was not essential to the successful claim of adverse possession that either of the parties should have occupied the land for the full statutory period, or that the conveyance from one to the other should have been by deed, for the possession of each of them separately could be tacked together for the purpose of making out the full statutory period, and a parol agreement surrendering possession by one to another was sufficient to constitute such continuity of possession and privity between the parties as to authorize the tacking of possession and completion of title by limitation. *Robinson* v. *Nordman,* 75 Ark. 593; *Wilson* v. *Rogers,* 97 Ark. 369.

The land was not cultivated by appellant and those under whom he claims title, and their possession consisted of raising stock on the lands and taking timber therefrom. The land is hilly and rocky, and only a few acres of it is fit for cultivation. The evidence adduced by appellant tends to show, however, that the land was enclosed by fences on three sides and by the river, a natural boundary, on the other side. The fences on the north and west side were on the boundary and the river on the east constituted a boundary, and the fence on the south side ran through the other lands of appellant, so the tract in controversy was completely surrounded by the three fences and the river.

The rule on this subject has been announced by this court in the case of *Dowdle* v. *Wheeler,* 76 Ark. 529, where it is held (quoting from the syllabus), that in "establishing adverse possession of land, it is no objection

that natural barriers are taken advantage of, if the natural, together with the artificial, barriers used are sufficient to clearly indicate dominion over the premises, and to give notoriety to the claim of possession.''

Measured by that rule, we are clearly of the opinion that the testimony adduced before the jury was sufficient to sustain the issue presented by appellant's answer, and to warrant a verdict in his favor.

The court also erred in excluding the testimony of J. S. Fry, which tended to support the contention that those under whom appellant claimed possession actually occupied the same under claim of ownership.

For the errors indicated, the judgment is reversed and the cause remanded for a new trial.