BERRY *v.* FINKBEINER.

5-16                                            255 S. W. 2d 690

Opinion delivered March 9, 1953.

*Brooks Bradley,* for appellant.

*Owens, Ehrman & McHaney,* for appellee.

GRIFFIN SMITH, Chief Justice. The litigation had its inception in Leroy Berry's petition for an injunction to prevent Chris E. Finkbeiner from trespassing upon designated property.

Berry is the owner of Lot 10, Block 17, Mountain Home Addition to Little Rock. Finkbeiner owns Lot 9 of the same block, immediately west. The plaintiff alleged that Finkbeiner had appropriated a small strip extending north and south between the adjoining lots, in width varying from two feet on the north to three and four-tenths feet at an arbitrary terminus on the south half of Berry's lot. The prayer was that title be quieted in the plaintiff and that he have $1,500 to compensate damages. From a decree in Finkbeiner's favor Berry has appealed.

Appellee acquired Lot 9 in 1947 by deed from his father, who had owned it for about fifteen years. There is comprehensive evidence that when appellee's predecessor in title acquired the lot a north-south fence was the line of demarkation. Around this fence blackberry vines, honeysuckle, saplings and other voluntary growth had accumulated, spreading in either direction, the effect being that an area substantially broader than the space occupied by the fence was affected. Actual condition of the fence over a period of years is not disclosed, but in 1948 or a little later appellee had it rebuilt. Finkbeiner's testimony includes an unequivocal claim to the disputed strip, and this is true irrespective of evidence convincing the Chancellor that the true lines as projected when the addition was created were at variance with contentions that the fence correctly delineated ownership. This narrowed the substantive issue to adverse possession resting upon a factual determination whether the new fence was built on the line of the old structure. It was not, of course, necessary that appellee's claim should have subsisted for seven years if his predecessor in title claimed to the old fence in derogation of contentions advanced by owners of the adjoining lot. This is true be-

cause "tacking" is permitted. *Horseman* v. *Hincha,* 138 Ark. 415, 211 S. W. 385. The principle has been consistently given effect.

The evidence was presented orally, affording the Chancellor an opportunity to observe the witnesses and appraise their attitudes and demeanor. Appellee's hostile claim is definitely established by preponderating testimony unless we follow appellant's suggestions and discount the effect of emphatic statements made by witnesses shown to have been connected with appellee through employment; or, secondarily, it is insisted that we draw adverse inferences from appellee's failure to call other witnesses who were his employes and who were shown to have been available.

We agree with the Chancellor that location of the new fence on the line of the old was established, and that all requirements necessary to show title through adverse possession were met.

Affirmed.