Ocie JUSTICE *v.* James H. EUBANKS and
Virginia EUBANKS, Husband and Wife, and
Bill BATES and Ms. Bill BATES,
Husband and Wife

CA 79-175                                    594 S.W. 2d 55

Opinion delivered January 30, 1980
Released for publication February 20, 1980

*Richard L. Peel*, for appellant.

*Priddy & Hardin*, for appellees.

GEORGE HOWARD, JR., Judge. This is an appeal from a decree quieting title to a 40 acre tract of land in James and Virginia Eubanks, on the theory that Bill Bates and Ocie Bates, former title holders, made an oral property settlement prior to their divorce in 1951, whereby Bill would receive the lands in question free of any claim of Ocie.

On February 19, 1945, Bill Bates, an appellee, and Ocie Bates (now Ocie Justice, appellant), received, as husband and wife, a warranty deed to a 40 acre tract of land from the widow and heirs of R. L. Bates, deceased father of Bill Bates. Bill and Ocie were divorced on March 8, 1951. The divorce decree made no reference to the lands held by the parties as an estate by the entirety. However, Bill testified that he received the property under an oral property settlement before the divorce. Ocie denies that there was ever any discussion about the property and says that it was her understanding that she and Bill still owned the lands.

On March 22, 1952, Bill Bates conveyed the lands to Charley and Mary Shuffield, husband and wife, by warranty deed. It is undisputed that appellant never executed a conveyance disposing of her interest.

On May 26, 1956, the Shuffields conveyed the lands to James H. Eubanks by warranty deed.

Between March 22, 1952, and May 26, 1956, the Shuffields paid the Ad Valorem Taxes on the property, fenced the property and cultivated one acre in cucumbers while the remainder of the open land was used as a pasture for cattle.

From 1956 to November 20, 1978, the date appellant instituted her action for partition, James Eubanks mortgaged the property three times to the Bank of Dover to secure

personal loans, cut the hardwood, placed the lands in the Soil Conservation Program and paid the taxes.

Appellant admitted that she has never paid any taxes on the property and was personally aware that both the Shuffields and James Eubanks were in possession of the property making extensive improvements, i.e., Shuffield built a home on the property.

Possession under color of title for seven consecutive years confers title in lands by limitation. *Parsons* v. *Sharpe*, 102 Ark. 611, 145 S.W. 537 (1912); *Vick* v. *Berg*, 251 Ark. 573, 473 S.W. 2d 585 (1971). *See Also: Reynolds* v. *Snyder*, 121 Ark. 33, 180 S.W. 752, 183 S.W. 979 (1915).

We are persuaded that a preponderance of the evidence in this case, upon a trial *de novo*, establishes title to the property in James E. Eubanks and Virginia Eubanks in meeting the requirements of adverse possession under color of title for more than the statutory period of seven years. *Harrison* v. *Collins, et al,* 247 Ark. 210, 444 S.W. 2d 861 (1969).

Affirmed.