Richard A. WILLIAMS and Mary L. WILLIAMS
*v.* Thomas R. HUFSTEDLER and
Marjorie HUFSTEDLER

CA 84-305                                    687 S.W.2d 531

Court of Appeals of Arkansas
Division I
Opinion delivered April 10, 1985

*Ponder & Jarboe,* by: *Dick Jarboe,* for appellants.

*Burris & Berry,* by: *John Burris,* for appellees.

TOM GLAZE, Judge. Appellants initiated a quiet title action to nine acres abutting the Eleven Point River in Randolph County and appellees filed an answer claiming title to the acreage based upon adverse possession. The trial court found in appellees' favor. Appellants argue the court erred in so finding because appellees' activities were insufficient to establish title by adverse possession. In sum, they contend appellees' acts were not sufficient to put appellants or their predecessors on notice of appellees' adverse claim to the nine acres. We cannot agree and affirm the trial court's decision.

The instant case is similar to *Horseman v. Hincha,* 138 Ark. 415, 211 S.W. 385 (1919), and that holding requires us to reach the same result. In *Horseman,* the disputed land was enclosed by fences on three sides and by a river on the other. The south fence actually ran through Horseman's property which abutted the south side of the land in controversy. Because this land was hilly and rocky, Horseman's acts of possession were limited to taking timber from it and raising stock on the land. The Supreme Court determined Horseman's acts tended to support his claim of ownership of the disputed land. The court reached its finding by applying the rule announced in *Dowdle v. Wheeler,* 76 Ark. 529, 89 S.W. 1002 (1905), that in establishing adverse possession of land, "[i]t is no objection that natural barriers are taken advantage of . . . [i]f the natural, together with the artificial, barriers used are sufficient to clearly indicate dominion over the premises, and to give notoriety to the claim of possession. . . ." 76 Ark. 533.

Here, as in *Horseman,* the nine-acre tract in dispute and appellees' property which abuts it on its east boundary are enclosed with fences on the north and south sides extending to Eleven Point River which borders the disputed tract's west

side. The south and north fences also extend to a county road along the east side of appellees' property. A cross fence is situated on the east boundary.[1] Appellee Thomas Hufstedler testified that for twenty-two years he treated and used the nine-acre tract the same as the property he purchased that adjoins the tract. He stated that he ran twenty to fifty cattle on it, repaired the north and south fences along the properties, and on occasions cut timber on the disputed land. Testimonies by other witnesses supported Hufstedler's claims and tended to negate appellants' other assertions. For example, appellants, who lived across from the nine acres on the west side of the river, said that appellees' cattle were not visible and could not get to the river for water. However, appellees presented evidence that the cattle went down the south side of the tract to reach the river and others testified they either saw cattle or signs of cattle on the river.

In sum, we believe the evidence here is comparable to that presented in *Horseman* and thus clearly supports the chancellor's decision. He viewed the disputed property, observed the witnesses and weighed their testimonies, resolving the conflicts in appellees' favor. Therefore, we affirm.

Affirmed.

CLONINGER and COOPER, JJ., agree.

---

[1] Although appellants argue the proof is insufficient to show the fences actually met to enclose the disputed property, our review of the evidence indicates otherwise. For example, appellee Thomas Hufstedler testified that when he bought his property in 1962, the south and north fences extended from the county road to the river. The Hufstedler property had been previously rented by Carl Mitchell, who testified the property was fenced along the county road as early as 1954. From this testimony, the court reasonably could infer the south and north fences met the east fence along the county road, enclosing appellees' land by purchase as well as that which they claim by adverse possession.