CV6-110 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00110-CV







Marshall P. Smith, Jr., Appellant



v.



Northbrook Life Insurance Co.; Pacific Corinthian Life Insurance Co.; Manhattan Life


Insurance Co.; The Travelers Insurance Co.; Southwestern Life Insurance Co.;


Jefferson Pilot Life Insurance Company; James I. Staley, II, Individually and as


Independent Executor of the Estate of James Irven Staley, Jr., Deceased, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. 95-09113, HONORABLE MARY PEARL WILLIAMS, JUDGE PRESIDING







PER CURIAM


 Appellant Marshall P. Smith timely tendered a transcript and statement of facts
which were filed in March 1996. Because the Court has concluded that no final judgment exists
in this cause, we will dismiss the appeal for lack of jurisdiction. See North E. Indep. Sch. Dist.
v. Aldridge, 400 S.W.2d 893, 895 (Tex. 1966); Tex. Civ. Prac. & Rem. Code Ann. § 51.012
(West 1986); Tex. R. App. P. 60(a)(2).

 Smith sued appellee insurance companies and James I. Staley, II, in both his
individual capacity and as independent executor of the estate of James Irven Staley. Smith
brought several causes of action, all arising out of Staley's exercise of a general power of attorney
to change beneficiary designations on annuity and life insurance policies issued by the insurance
companies. As counterclaims, the insurance companies brought interpleader actions against Staley
and Smith.

 Staley filed a plea to the jurisdiction asking that Smith's claims against him be
dismissed. His plea did not address Smith's claims against the insurance companies nor the
interpleader actions. The court signed an order specifically granting Staley's plea. From that
order, Smith perfected an appeal.

 Because the order was not entered following proceedings in a case regularly set
for trial on the merits, no inference of disposition of the other claims may be made. See Aldridge,
400 S.W.2d at 895; Etter's Welding, Inc. v. Gainesville Nat'l Bank, 687 S.W.2d 531, 522 (Tex.
App.--Fort Worth 1985, no writ). There is no "Mother Hubbard" clause in the judgment. Cf.
Mafrige v. Ross, 866 S.W.2d 590, 592 (Tex. 1993) (otherwise unappealable order made final by
addition of "Mother Hubbard" clause or equivalent). By letter, the Clerk of this Court questioned
whether a final judgment in the cause existed. In a letter response, appellant seemed to agree that
the judgment was not final, but has not moved to dismiss the appeal. No orders of severance or
orders dealing with the interpleader actions have been tendered.

 Because we have no final judgment in the cause, we dismiss the appeal for want
of jurisdiction.


Before Justices Powers, Jones and B. A. Smith

Dismissed for Want of Jurisdiction

Filed: June 5, 1996

Do Not Publish