cv6-225.Robinson 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00225-CV







Gary Don Robinson, Appellant



v.



Town North Mitsubishi, General Manager Randy M. Ross,


and Former Sales Manager Joe West, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT


NO. 94-15318, HONORABLE PAUL R. DAVIS, JR., JUDGE PRESIDING







PER CURIAM


 Appellant filed a writ of error and timely tendered a transcript to this Court in April
1996. Because this Court has concluded that no final judgment exists in this cause, we dismiss
the appeal for lack of jurisdiction. See North E. Indep. Sch. Dist. v. Aldridge, 400 S.W.2d 893,
895 (Tex. 1966); Tex. Civ. Prac. & Rem. Code Ann. § 51.012 (West 1986); Tex. R. App. P.
60(a)(2).

 Robinson sued appellees for malicious prosecution. Robinson filed a motion for
summary judgment, a motion requesting that his first set of admissions be admitted, a motion
requesting his admissions filed on April 3, 1995, be deemed admitted, and a motion asking that
the trial court compel the appellees to answer the second set of interrogatories or issue sanctions
against them. The trial court signed an order denying all of these motions on December 11, 1995. 
Robinson attempts to appeal from the trial court's order denying all of these motions.

 Because this order was not entered following proceedings in a case regularly set
for trial on the merits, it is interlocutory. Consequently, no inference of disposition of the claims
asserted by Robinson may be made. See Aldridge, 400 S.W.2d at 895; Etter's Welding, Inc. v.
Gainesville Nat'l Bank, 687 S.W.2d 531, 522 (Tex. App.--Fort Worth 1985, no writ). There is
no "Mother Hubbard" clause in the judgment. Cf. Mafrige v. Ross, 866 S.W.2d 590, 592 (Tex.
1993) (otherwise unappealable order made final by addition of "Mother Hubbard" clause or
equivalent). Additionally, this is not the type of interlocutory order that may be appealed. See
Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (West Supp. 1996).

 By letter of April 30, 1996, the clerk of this Court questioned Robinson about
whether a final judgment in the cause existed. By this letter, the Court informed Robinson about
the information the Court required from him to continue his appeal. By the letter, the Court
provided time deadlines by which Robinson was required to respond and supplement the record. 
In a letter response, Robinson seemed to agree that the judgment was not final, but has not moved
to dismiss the appeal nor provided to this Court a supplemental transcript containing an appealable
order.

 Because we have no appealable order in the cause, we dismiss the appeal for want
of jurisdiction. Tex. R. App. P. 60(a)(2).


Before Justices Powers, Jones and B. A. Smith

Dismissed for Want of Jurisdiction

Filed: July 17, 1996

Do Not Publish