**CHEVRON OIL COMPANY (formerly California Oil Company), Plaintiff,**

v.

**John W. TLAPEK et al., Defendants.**

**Civ. A. No. 1036.**

United States District Court
W. D. Arkansas,
El Dorado Division.

March 7, 1967.

Chowning, Mitchell, Hamilton & Burrow, Little Rock, Ark., for Chevron Oil Co.

James E. Stein and Bernard Whetstone, El Dorado, Ark., for John W. Tlapek and Lucille Rose Kraenzle Tlapek.

L. O. Smith, Jr., Jackson, Miss., and Mahony & Yocum, El Dorado, Ark., for John Player, Jane G. Player and Ralph V. St. John.

Victor J. Ford, Jackson, Miss., for D. L. Gill, Weldon D. McIntosh, Fred E. Kennedy, Terry H. Harriston, John C. Tracy, James H. Stringer, Jr., Howard Jenkins, Jr., Norris Ellis, Charles E. Dickerson, James Wesley Riddle, Leo Price, Mrs. A. J. Noullet and Mrs. J. T. Hicks.

Davis & Hannegan, St. Charles, Mo., for Charles L. Tlapek.

Clifton, Kelly & Bernstein, Dallas, Tex., and Fanning, Billings, Harper, Pierce & Gilley, Dallas, Tex., for George Aaron, Monarch Building Materials Corp., Angeline K. Nama, Leo G. Stephens, Herman Miller, W. J. Waldrip, Helen C. Waldrip, Mrs. Lillian Wolford, Russell Brogdon and Una Brogdon.

Keith, Clegg & Eckert, Magnolia, Ark., for R. L. Milam.

Cooper Jacoway, Little Rock, Ark., for R. T. Hickerson, Tommy J. Carson, J. H. Martin, Cooper Jacoway and Knox Gill.

MEMORANDUM OPINION

OREN HARRIS, Chief Judge.

Plaintiff corporation filed this action May 8, 1964, asserting title by way of constructive trust to certain oil, gas and mineral leases and interests flowing therefrom, which leases and interests according to the public records of Columbia County, Arkansas, were then owned by the defendants named in the original complaint.[1]

---

1. While this suit was pending plaintiff's corporate name was changed. An order substituting "Chevron Oil Company" for "California Oil Company" was duly entered on motion of plaintiff.

The original complaint alleged, in substance:

That the defendant John W. Tlapek while in the employ of the plaintiff as a full-time geologist had been assigned the duty of studying the Smackover Formation for the purpose of developing oil and gas prospects in Columbia County and adjacent counties in South Arkansas, and while so employed, and while using his geological training and the information and records belonging to The California Company (an unincorporated division of the plaintiff) he prepared and submitted to The California Company maps and other information showing his concept of the proper interpretation to be placed upon the available data on the Smackover Formation in a specific geographical area and geological prospect which is hereinafter referred to as the McNeil Area or Prospect, and in which the leasehold interests are located. That as a result of such work and the conclusions at which he arrived, he advised his employer that in his opinion the McNeil Area or Prospect was a favorable place to drill for oil and gas, and the plaintiff began making further studies of the Prospect and was so engaged when John W. Tlapek resigned from the plaintiff's employ and acquired the leases hereinafter mentioned.

That John W. Tlapek resigned on October 21, 1963, effective October 31, 1963, and that following such resignation began to formulate plans for the securing of leases in said Prospect in his own name and for his personal benefit and gain with the result that as of April 2, 1964, he had secured and recorded in the office of the Circuit Clerk (and Ex Officio Recorder) of Columbia County, Arkansas, thiry-five (35) leases (which were listed and described in the complaint).

That at all times during John W. Tlapek's employment by the plaintiff the most confidential relations existed between him and the plaintiff and that the plaintiff reposed the greatest confidence and trust in him, and that he was given access to and made use of confidential information, the property of the plaintiff, which the plaintiff had collected over a number of years with reference to such Area or Prospect.

That the acts of said defendant in the taking and securing of said leases with the intent and purpose of using the same for his own personal benefit and gain constituted a violation of his duty to the plaintiff and was an abuse of the confidence reposed in him while in its employ and amounted to unconscionable conduct on his part, all of which entitled the plaintiff to the imposition by the Court of a constructive trust in said leases in the plaintiff's behalf.

That the other defendants had acquired certain interests in said leases through assignments from the defendant, John W. Tlapek, and that at the time they acquired such interests they knew, or in the exercise of proper diligence on their respective parts, should have known of the circumstances under which John W. Tlapek acquired said leases and his information and knowledge of the McNeil Area or Prospect, and that such information and knowledge was the sole property of the plaintiff.

On July 22, 1964, an amendment to the complaint was filed, alleging in substance:

That since the filing of the original complaint and of the Lis Pendens which was filed in the office of the Circuit Clerk and Ex Officio Recorder of Columbia County, Arkansas, on May 15, 1964, additional assignments of interests in said leases had been recorded in the aforesaid office and county to certain named assignees and said amendment to the complaint made all of said additional assignees parties defendant, and further alleged in substance that they had acquired such interests with actual or constructive knowledge of plaintiff's rights in and to said McNeil Area or Prospect and prayed for the same relief as sought against the other defendant assignees named in the original complaint.

Numerous motions were filed on behalf of John W. Tlapek and various other defendants attacking the jurisdiction of

the court over such defendants and over the subject matter of the litigation, and all of these motions were overruled, following which answers were filed in behalf of all defendants [2] except the defendant, Lucille Rose Kraenzle Tlapek, in whose behalf no pleading of any kind has ever been filed.

Defendant, John W. Tlapek, answered September 31, 1964, in general denying the alleged title of the plaintiff to said leases. On or about September 7, 1966, he filed a supplemental answer and cross-complaint, the supplemental answer setting up a number of affirmative defenses, including those of laches and estoppel, and the cross-complaint alleging that the plaintiff had instituted this suit without legal and equitable foundation and solely for the purpose of destroying the reputation of the defendant, thus entitling him to damages, $1,000,000.00 compensatory and $25,000,000.00 punitive. Plaintiff answered denying this cross-complaint and amended its complaint asking for judgment against John W. Tlapek for all sums collected by him from those defendants, if any, who might be found by the court to be bona fide purchasers of their respective interests for value. John W. Tlapek's answer to this cross-complaint was a general denial.

The defendant, Charles J. Tlapek, filed his separate answers to the original complaint and the amendments thereto in terms of general denial.

The separate answer of the defendants, John H. Martin, Tommy J. Carson, R. T. Hickerson, Knox Gill and Cooper Jacoway, was a general denial of the complaint and the amendments thereto and a plea that such defendants were bona fide purchasers for value of their respective fractional interests in said leases and they further cross-claimed against the defendant, John W. Tlapek, seeking a recovery of the monies paid by each of them to him in the event of a finding by the court that they were not entitled to retain their respective interests in the leases as against the plaintiff.

The following co-defendants of John W. Tlapek in the original complaint, namely: D. L. Gill, Weldon D. McIntosh, Fred E. Kennedy, Terry H. Hairston, John C. Tracy, James H. Stringer, Jr., Howard Jenkins, Jr., Norris Ellis, Charles E. Dickerson, James Webley Riddle, Leo Price, Mrs. A. J. Noullet and Mrs. J. T. Hicks, filed a separate original answer that was a general denial combined with certain affirmative defenses to the effect that they were all bona fide purchasers for value without actual or constructive notice of any rights which the plaintiff had or claimed in said leases, and they further adopted "as their own all of the pleadings heretofore filed in this cause by the defendants, Monarch Building Materials Corporation, George Aaron, et al", and further pled that "all pleadings of that group of defendants filed herewith or hereafter serve also for the group of defendants named herein." The plaintiff filed a reply which was a general denial of the counter-claim so adopted.

The following defendants who were first made parties hereto in plaintiff's first amendment to its complaint, namely: George Aaron, Herman Miller, W. J. Waldrip, Helen C. Waldrip, Mrs. Lillian Wolford, Monarch Building Materials Corporation, Russell Brogdon, Una Brogdon, Angeline K. Nama, and Leo G. Stephens filed their original separate answer herein on or about August 26, 1964. Same was a general denial except as to those allegations which were admitted and, in addition, contains pleas to the effect that their assignments from John W. Tlapek were placed of record before the filing of the Lis Pendens herein and that they were bona fide purchasers for value without notice, actual or constructive, of any interest possessed by the plaintiff. Later, these defendants filed a cross-claim against their co-defendant, John W. Tlapek, seeking recovery of damages against him in the event of a finding by this court that they were not bona fide holders of their respective,

2. (not by then dismissed from this suit)

interests as against the plaintiff. Later, they also filed an "amended answer including counterclaim" against the plaintiff alleging that plaintiff had wrongfully brought its suit and clouded the title of said defendants in and to said leases and the interests of the defendants therein, and prayed for damages as a group in the aggregate amount of $100,000.00, for which amount they sought judgment against plaintiff. Plaintiff filed its reply, in the form of a general denial, to this counterclaim.

This cause came on for trial on the 10th day of October, 1966, before the Court without a jury upon the foregoing pleadings filed herein on behalf of the plaintiff and the various defendants; the written stipulations of counsel filed before the trial and the oral stipulations of counsel entered into during the course of the trial; the oral testimony of witnesses and the exhibits to their testimony; the depositions of John Player, D. L. Gill, Herman Miller and John H. Martin introduced in evidence on behalf of the plaintiff; the memorandum briefs submitted herein by counsel for the plaintiff and counsel on behalf of all defendants except the defendants, Charles J. Tlapek, Lucille Rose Kraenzle Tlapek, R. T. Hickerson, Tommy J. Carson, John H. Martin, Cooper Jacoway and Knox Gill, and the Court having considered all of the foregoing and having heretofore taken said cause under advisement and being now fully advised in the premises finds, makes and adopts the following Findings of Fact:

## FINDINGS OF FACT

1. The Court has full and complete jurisdiction over the subject matter of this cause and of all the parties thereto.

2. The plaintiff as a part of its over-all business activities at all times pertinent to this suit and for many years prior thereto was engaged in exploring and investigating in the State of Arkansas and elsewhere by means of geological and geophysical methods for deposits of oil and gas and the drilling of wells for the discovery and production of the same for profit.

3. Plaintiff's conduct of its said business in the State of Arkansas is under a Division Office and personnel in Jackson, Mississippi, which, Division Office is part of The California Company with headquarter offices in New Orleans, Louisiana, The California Company being an assumed name for an unincorporated division of Chevron Oil Company.

4. C. H. Ramsden with the title of Division Exploration Superintendent, was at all times pertinent to this suit in over-all supervision of plaintiff's exploration activities in plaintiff's Jackson, Mississippi, office with responsibility for these activities in a geographic area that was divided into four districts, with a separate District Geologist in charge of the exploration activities of each such district. C. C. Humphries was in charge of one of these districts being the one which embraced North Louisiana and South Arkansas. Each of these districts at all times had three or four full-time geologists working under its respective District Geologist, and each such full-time geologist was working upon certain geological areas assigned to him for study and analysis in the search for new productive oil fields. There were some 200 prospects or specific geological areas upon which work was being done by these geologists from time to time, and while all of these prospects could not be under continuous study at the same time, the plaintiff was collecting information and data on all of these and from time to time would assign one of these full-time geologists to a particular area or prospect for intensive study thereof. One of the areas or prospects under the jurisdiction of C. C. Humphries as District Geologist was that which is mentioned in the pleadings and testimony herein as the McNeil Area or Prospect in Columbia County, Arkansas.

5. On or about February 15, 1962, immediately following his graduation from the University of Missouri with a degree in geology, John W. Tlapek entered the full-time employ of the plaintiff as a geologist and was assigned to the Jackson, Mississippi, division office

of The California Company Division of Chevron Oil Company (whose name was then California Oil Company) and Mr. Ramsden, the Division Exploration Superintendent, placed him under the supervision of C. C. Humphries, District Geologist. After having worked on several areas or prospects located in North Louisiana, he was assigned in April of 1963 for work on and study of the Smackover Formation in South Arkansas.

6. The Smackover Formation in South Arkansas, which included the Mc-Neil Area or Prospect, had been under study by geologists in the employ of The California Company Division from time to time over a period of years, and its offices at Jackson, Mississippi, had collected considerable data and information with respect thereto and having a bearing thereon. All of the previous data and information so collected by the plaintiff, including the reports of the Company geologists who had previously done work upon and study of this formation in South Arkansas and analogous problems were made available to John W. Tlapek for use in his work.

7. All of the aforesaid data and records and information were confidential information belonging to the plaintiff and were unavailable to anyone except those geologists in the plaintiff's employ working in the Exploration Department of The California Company.

8. After several weeks of study during which he assimilated the data, records and information of his employer pertaining to the Smackover Formation in South Arkansas and applied thereto his own professional skills and abilities, John W. Tlapek evolved a unique theory or concept of how oil could be discovered in the Smackover Formation of this Area or Prospect, and became very optimistic over the prospects of finding oil therein. He prepared a map (sometimes hereinafter referred to as the Master Map) which he used in conferences with his superiors in explaining to them his aforesaid theory and concept, and he urged them strongly to recommend the immediate leasing of the McNeil Area or Prospect for oil.

9. While his superiors in the Exploration Department of The California Company recognized the uniqueness of John W. Tlapek's theory and concept and agreed that the same was a good one, they advised him that they needed further information, particularly seismic information, with respect to the Area and needed to make further study and analysis of all of the collected data before deciding whether or not to recommend that the plaintiff undertake leasing. This decision by his superiors was very disappointing to John W. Tlapek, and he expressed dissatisfaction therewith from time to time.

10. In August of 1963 in accordance with plaintiff's regular policy of giving young geologists in its employ a well rounded training and experience, John W. Tlapek was transferred from the Exploration Department of The California Company to the Production Department of said Company (the two departments having their offices on separate floors in the Petroleum Building in Jackson, Mississippi) where he was under the immediate supervision of Jack Lane, the District Development Geologist, and under the over-all supervision of R. L. Jackson, Division Development Geologist. Simultaneously, Wayne Gundersen, a full-time geologist in the Production Department, was transferred to the Exploration Department and there assigned the specific duty of continuing work on and study of the McNeil Area or Prospect which was discontinued by John W. Tlapek when he was transferred to the Production Department.

11. After his transfer to the Production Department, John W. Tlapek continued to express dissatisfaction with what he termed the "inaction" of his former superiors in the Exploration Department and he visited this Department on more than one occasion to inquire what was being done toward leasing the Area and to renew his urgings that the plaintiff proceed immediately to lease and develop the Area. When these visits did not

bring about a recommendation for immediate leasing, he began to talk among his associates of resigning his job with the plaintiff and leasing up the McNeil Area or Prospect for his own benefit. On one occasion he visited the office of C. H. Ramsden and expressed such an intent, and he was told that such action on his part would be, in the opinion of Mr. Ramsden, unethical, and was advised that he should wait a reasonable time after leaving the plaintiff's employ before leasing the Area for himself. When he inquired of Mr. Ramsden what would constitute a reasonable time, Mr. Ramsden told him that he thought six months to a year would be a reasonable time.

12. In early October of 1963, word came to R. L. Jackson, District Development Geologist, that John W. Tlapek was telling others of his intention to resign and begin the leasing of the McNeil Area or Prospect for his own benefit, and Mr. Jackson asked Jack Lane to have Mr. Tlapek come to Mr. Jackson's office for an interview. When Mr. Tlapek reported to Mr. Jackson, he was asked about these reports, and told Mr. Jackson that he was dissatisfied with the Company's failure to act favorably upon his recommendations, and particularly his recommendation with reference to the immediate leasing of the McNeil Prospect, and that he proposed to resign and return to the University of Missouri for graduate work in geology. Mr. Jackson then advised him to submit his resignation in writing so that it could be handled in accord with Company practice, whereupon Mr. Tlapek prepared in his own hand writing a written resignation giving as his reasons for resigning his intent to resume his studies at the University of Missouri. Mr. Jackson placed an endorsement on the written resignation recommending to his superiors in New Orleans that Mr. Tlapek's employment be terminated as of November 1, 1963. Mr. Jackson showed the document to Mr. Ramsden who expressed his agreement with the recommendation by signing his initials thereon.

13. The written resignation was forwarded to New Orleans and Mr. Jackson's recommendation was followed and Mr. Tlapek's employ with The California Company terminated on October 31, 1963. In his own words he "immediately" began working up maps for his own use depicting the McNeil Area or Prospect as he had depicted it for plaintiff, and formulating his plans to lease the area in his own name and for his own personal benefit and gain.

14. The maps which he prepared after leaving the plaintiff's employ contained and displayed information of which he had obtained knowledge while working upon this Prospect as a trusted employee of the plaintiff and while assigned the specific duty of continuing work and study of this Area previously done by other geologists of plaintiff. In preparing such maps, he also used and incorporated therein drawings illustrating the unique theory or concept which he had developed while in The California Company's employ and while working on the McNeil Area or Prospect. This unique theory or concept was highly confidential information which belonged solely to the plaintiff and its use by John W. Tlapek for his own benefit and gain after leaving the plaintiff's employ was an abuse of the confidence that the plaintiff had reposed in him and was a violation of his fiduciary relationship with the plaintiff and of his duty to it.

15. In November of 1963, John W. Tlapek conferred with his father, Charles J. Tlapek, a defendant herein, and his brother-in-law, John Hannegan, respecting his plans to lease up the McNeil Area or Prospect for his own benefit, and during the same month he had a conference with the defendants, George Aaron and Herman Miller, in an effort to interest them in helping him finance the leasing and development of the Prospect in exchange for an assignment to them of an interest in the leases which he proposed to acquire in this Area.

16. In January of 1964, John W. Tlapek obtained the services of John Player,

an experienced independent geologist-broker, to assist him in acquiring leases in the McNeil Prospect, and through their combined efforts 35 leases were obtained from the owners of minerals in some 2,600 acres located in this Prospect. Twenty-three of these leases were filed for record in the office of the Circuit Clerk and Ex Officio Recorder of Columbia County, Arkansas, on March 12, 1964, and the remaining 12 leases were so filed for record on several dates between that date and April 16, 1964, when the last of such leases were filed for record.

17. John W. Tlapek knew, when he resigned from plaintiff's employ, that The California Company was then continuing its study of the McNeil Area or Prospect and he further knew at the time he leased this Area that the plaintiff had not abandoned the study of the same as one of its prospects for the discovery of oil and gas.

18. After acquiring said leases John W. Tlapek contacted several oil companies in an effort to sell them an interest therein, but before having signed any contract with any such company, he visited the office of C. H. Ramsden in late February or early March, 1964, and offered to sell the plaintiff an undivided one-half checkerboard interest in the leased acreage at the price of $20.00 per acre, promising a Smackover test. Mr. Ramsden reported this offer to the plaintiff's Vice President of Exploration in New Orleans, and on March 13, 1964, addressed a letter to John W. Tlapek advising him in substance that the plaintiff considered such leases its property and warning him to proceed no further in his plans to develop the McNeil Area or Prospect for his own benefit.

19. Thereafter on or about the 3rd day of April, 1964, John W. Tlapek signed a contract with Union Producing Company through its Monroe, Louisiana, office to sell to that Company, subject to certain conditions, substantially the same undivided one-half interest as had been offered plaintiff in the leases, and he also entered into a written agreement with defendant, R. L. Milam, employing him to drill a well to the Smackover Formation in the McNeil Area or Prospect, in fulfillment of his, Tlapek's obligation under the Union Producing Company agreement, for which R. L. Milam was to receive $30,000.00 in cash upon completion of the well to the Smackover Formation.

20. Plaintiff on learning of the contracts entered into between John W. Tlapek and Union Producing Company and between John W. Tlapek and R. L. Milam promptly wrote letters to Union Producing Company and R. L. Milam advising and warning them not to proceed further under these contracts except at their own risk.

21. In the meantime the Vice President of Exploration in New Orleans had sought the advice of the plaintiff's Legal Department with respect to what the plaintiff's rights were under the circumstances and asking for instructions with the result that a representative of the Legal Department in New Orleans had a conference with the firm of Chowning, Mitchell, Hamilton & Burrow, the plaintiff's Arkansas attorneys, in Little Rock, Arkansas, for consultation and advice with respect to the plaintiff's rights and the action that should be taken to protect those rights and the plaintiff was advised to bring this suit and seek the remedies sought therein.

22. Acting upon such advice plaintiff, under its then corporate name of California Oil Company, filed this suit on the 8th day of May, 1964, and filed a Lis Pendens herein in the office of the Circuit Clerk and Ex Officio Recorder of Columbia County, Arkansas, on May 15, 1964; and before the trial plaintiff changed its corporate name to Chevron Oil Company and, on its motion, an appropriate order was entered herein substituting the name Chevron Oil Company as the name of the party plaintiff.

23. The defendants, D. L. Gill, Weldon D. McIntosh, Fred E. Kennedy, Terry H. Hairston, Charles J. Tlapek, John C. Tracy, James H. Stringer, Jr., Howard Jenkins, Jr., Norris Ellis, Charles E. Dickerson, James Webley Rid-

dle, Leo Price, Mrs. A. J. Noullet, Mrs. J. T. Hicks, Herman Miller, George Aaron, W. J. Waldrip, Helen C. Waldrip, Mrs. Lillian Wolford, Monarch Building Materials Corporation, John H. Martin, Tommy J. Carson, R. T. Hickerson, Russell Brogdon, Una Brogdon, Angeline K. Nama, Leo G. Stephens, Cooper Jacoway and Knox Gill, acquired their respective interests in said leases with actual or constructive knowledge of John W. Tlapek's fiduciary relationship with the plaintiff and with actual or constructive knowledge that he had acquired his knowledge of the McNeil Area or Prospect while a trusted employee of the plaintiff and while engaged in making a study of said Prospect on behalf of the plaintiff with the use of confidential information belonging to the plaintiff; and with actual or constructive knowledge of the fact that he had used such confidential information in the acquisition of said leases and the sale of the respective fractional interests therein by him to the aforesaid defendants and in so doing had abused the confidence reposed in him by the plaintiff.

24. The Court finds all of the issues raised by the pleadings herein between the plaintiff and the defendant, John W. Tlapek, in favor of the plaintiff.

25. The Court finds all of the issues raised by the pleadings herein between the plaintiff and the defendants, D. L. Gill, Weldon D. McIntosh, Fred E. Kennedy, Terry H. Hairston, John C. Tracy, James H. Stringer, Jr., Howard Jenkins, Jr., Norris Ellis, Charles E. Dickerson, James Webley Riddle, Leo Price, Mrs. A. J. Noullet, Mrs. J. T. Hicks, Herman Miller, George Aaron, Russell Brogdon, Una Brogdon, Angeline K. Nama and Leo G. Stephens, in favor of the plaintiff.

26. The Court finds all of the issues raised by the pleadings herein between the plaintiff and the defendants, R. T. Hickerson, Tommy J. Carson, John H. Martin, Cooper Jacoway, Knox Gill and Charles J. Tlapek, in favor of the plaintiff.

27. The Court finds the issues raised by the pleadings herein between the plaintiff and the defendants, W. J. Waldrip, Helen C. Waldrip, Mrs. Lillian Wolford and Monarch Building Materials Corporation, in favor of said defendants as to their respective rights and interests in and to said leases acquired by them through that certain instrument bearing the caption "Assignment of Interest in Oil, Gas and Mineral Leases" dated the 4th day of May, 1964, and filed for record in the office of the Circuit Clerk and Ex Officio Recorder of Columbia County, Arkansas, on May 12, 1964, and which is recorded in Book 230 at Page 131 thereof of the Oil and Gas Lease Records of said Office and County, and they are entitled to retain such respective interests on the ground that they are bona fide purchasers for value of their respective interests under said last described assignment without notice, actual or constructive, of the rights of the plaintiff therein; but the Court finds all of the other issues raised by the pleadings herein between the plaintiff and said four defendants with respect to any and all other interests which they acquired through any other assignments made to them by the defendant, John W. Tlapek, in favor of the plaintiff, on the ground that said defendants had constructive notice of the rights and interests of plaintiff in said leases when they acquired such additional assignments and the fractional interests conveyed to them thereby.

28. The Court finds that the defendants, George Aaron, Monarch Building Materials Corporation, Angeline K. Nama, Leo G. Stephens, Herman Miller, W. J. Waldrip, Helen C. Waldrip, Mrs. Lillian Wolford, Russell Brogdon, Una Brogdon, D. L. Gill, Weldon D. McIntosh, Fred E. Kennedy, Terry H. Hairston, John C. Tracy, James H. Stringer, Jr., Howard Jenkins, Jr., Norris Ellis, Charles E. Dickerson, James Webley Riddle, Leo Price, Mrs. A. J. Noullet, Mrs. J. T. Hicks, R. T. Hickerson, Tommy J. Carson, John H. Martin, Cooper Jacoway and Knox Gill, are not entitled to recover any damages against the defendant, John

W. Tlapek, on their respective cross-claims herein against him.

29. The Court finds that the defendant, John W. Tlapek, collected from the following named four defendants who are found to be bona fide purchasers for value of the respective rights and interests acquired by them under the assignment dated May 4, 1964, hereinabove mentioned, the respective amounts hereinafter set opposite their respective names as payment to John W. Tlapek for the fractional interests in said leases acquired by them through said last mentioned assignment, to-wit:

W. J. Waldrip and
Helen C. Waldrip ........... $5,000.00
Mrs. Lillian Wolford ........ 2,500.00
Monarch Building Materials
Corporation ............... 2,500.00

and the plaintiff is entitled to recover of and from John W. Tlapek the aggregate of the aforesaid sums totaling $10,000.00 less the sum of $1,500.00 expended by him as acquisition costs of said leases.

30. The plaintiff is entitled to a cancellation of all the various instruments of assignment executed by the defendant, John W. Tlapek, and his wife, Lucille Rose Kraenzle Tlapek, conveying fractional interests in said leases to the defendants, D. L. Gill, Weldon D. McIntosh, Fred E. Kennedy, Terry H. Hairston, Charles J. Tlapek, John C. Tracy, James H. Stringer, Jr., Howard Jenkins, Jr., Norris Ellis, Charles E. Dickerson, James Webley Riddle, Leo Price, Mrs. A. J. Noullet, Mrs. J. T. Hicks, Herman Miller, George Aaron, W. J. Waldrip, Helen C. Waldrip, Mrs. Lillian Wolford, Monarch Building Materials Corporation, John H. Martin, Tommy J. Carson, R. T. Hickerson, Russell Brogdon, Una Brogdon, Angeline K. Nama, Leo G. Stephens, Cooper Jacoway and Knox Gill, including but not limited to (1) the instrument of assignment dated the 23rd day of April, 1964, filed for record in the aforesaid office and County on April 28, 1964, and which is now recorded in Book 230 at Page 102, of the Oil and Gas Records of said office and County, (2) the instrument of assignment dated the 4th day of May, 1964, filed for record in the aforesaid office and County on May 12, 1964, and which is now recorded in Book 230 at Page 131 of the Oil and Gas Records of said office and County, (3) the instrument of assignment dated the 24th day of May, 1964, filed for record in the aforesaid office and County on May 26, 1964, and which is now recorded in Book 230 at Page 163 of the Oil and Gas Records of said office and County, (4) the instrument of assignment dated the 16th day of June, 1964, filed for record in the aforesaid office and County on June 29, 1964, and which is now recorded in Book 230 at Page 213 of the Oil and Gas Records of said office and County, and (5) the instrument of assignment dated the 19th day of February, 1965, filed for record in the aforesaid office and County on March 11, 1965, and which is now recorded in Book 234 at Page 98 of the Oil and Gas Records of said office and County, as clouds upon the plaintiff's title to said leases as vested in the plaintiff by the judgment and decree of this Court in this case, save and except only the rights, titles and interests acquired by the defendants, W. J. Waldrip and Helen C. Waldrip, Mrs. Lillian Wolford and Monarch Building Materials Corporation under the assignment dated the 4th day of May, 1964, aforesaid, filed for record in the office of the Circuit Clerk and Ex Officio Recorder of Columbia County, Arkansas, on May 12, 1964, and which is now recorded in Book 230 at Page 131 thereof of the Oil and Gas Records of said office and County which are preserved to them and the cancellation of said assignment as to the other defendants shall not affect the rights, titles and interests acquired by the said W. J. Waldrip and Helen C. Waldrip, Mrs. Lillian Wolford and Monarch Building Materials Corporation under said last mentioned assignment.

31. Plaintiff is further entitled to a cancellation of any and all unrecorded lease and royalty assignments and conveyances of operating interests in said leases claimed or held by any of the de-

fendants in this suit which were acquired from the defendants, John W. Tlapek and Lucille Rose Kraenzle Tlapek.

32. The plaintiff is entitled to a judgment and decree herein divesting the defendants, John W. Tlapek,, Lucille Rose Kraenzle Tlapek, D. L. Gill, Weldon D. McIntosh, Fred E. Kennedy, Terry H. Hairston, Charles J. Tlapek, John C. Tracy, James H. Stringer, Jr., Howard Jenkins, Jr., Norris Ellis, Charles E. Dickerson, James Webley Riddle, Leo Price, Mrs. A. J. Noullet, Mrs. J. T. Hicks, Herman Miller, George Aaron, W. J. Waldrip, Helen C. Waldrip, Mrs. Lillian Wolford, Monarch Building Materials Corporation, John H. Martin, Tommy J. Carson, R. T. Hickerson, Russell Brogdon, Una Brogdon, Angeline K. Nama, Leo G. Stephens, Cooper Jacoway and Knox Gill of all of their rights, titles and interests in and to the leases involved in this suit and vesting all of said rights, titles and interests in the plaintiff as its property, save and except the respective rights, titles and interests of the defendants, W. J. Waldrip, Helen C. Waldrip, Mrs. Lillian Wolford and Monarch Building Materials Corporation acquired by said defendants under the assignment dated the 4th day of May, 1964, and which is now recorded in Book 230 at Page 131, of the Oil and Gas Records of Columbia County, Arkansas, and hereinbefore mentioned.

33. That the plaintiff is entitled to a cancellation of any and all unrecorded lease and royalty assignments and conveyances of operating interests in said leases claimed or held by any of the defendants in this suit, as clouds upon plaintiff's title to said leases.

34. From time to time consent orders were entered herein dismissing plaintiff's cause of action with reference to the defendants, John Player, Jane G. Player, Ralph St. John, Union Producing Company, Contractor's Material Company, Inc. and Mississippi Steel Corporation; and at a pre-trial conference held on May 10, 1966, it was agreed by all parties in attendance that trial of the issues raised by plaintiff's complaint as to the defendant, R. L. Milam, and R. L. Milam's counterclaim against the plaintiff, would be postponed until after completion of the trial involving the other issues and judgment thereon.

## DISCUSSION

It is well established that the employment relationship such as existed between John W. Tlapek and plaintiff creates a fiduciary relationship that extends not only throughout the period of employment but after the employee has left the employ of the employer, and particularly is this true of all confidential information belonging to the employer which is learned by the employee as a result of such employment, and the employee is under an implied obligation after leaving such employment not to use confidential information which he has acquired in the course of his employment for his benefit and to the detriment of his former employer. Annot., 165 A.L.R. 1453, 1454.

The defendant, John W. Tlapek, has contended that much of the so-called confidential information which was made accessible to him by the plaintiff while he was in its employ was information that he could have purchased from outside sources at the expenditure of a few dollars. This in itself is not excuse for his actions. The information which he used was confidential information belonging to the plaintiff which he admits was made available to him and which he did use in continuing the study of former geologists in the plaintiff's employ of the Smackover Formation, South Arkansas, which included the McNeil Area or Prospect. The cost of this material is of no consequence. Moses, Unauthorized Use of Confidential Oil Information, 1 Rocky Mount Mineral Law Institute, 267, 273, (1955); Hunter v. Shell Oil Co., 5 Cir., 198 F.2d 485. All parties hereto concede that while studying the McNeil Area or Prospect John W. Tlapek conceived a unique theory or concept of where oil would be found in the Smackover Formation in this Area. The undisputed evidence is

that he prepared a map while in the employ of the plaintiff which assisted him in explaining to his superiors this unique theory or concept and that after he left the employ of the plaintiff, one of the first things he did before acquiring the leases involved in this suit was to make several maps which, when considered as a composite, represent a substantial duplication of the cartographic presentation of the McNeil Prospect theretofore constructed as an employee of plaintiff, and that he used these maps to assist him in selling his co-defendants on investing in fractional interests in leases in the McNeil Prospect. He contends, however, that because he took no maps or other tangible items of personal property from the plaintiff's files and records when he left its employ, but simply reconstructed maps out of what he carried away with him "in his head", that he had a right to do this, and argues in effect that what he could carry away in his head was his own property to use as he saw fit. The Court disagrees with this contention and holds that the unique theory or concept which he conceived while in the employ of the plaintiff and while studying the McNeil Area or Prospect for its benefit was as much its property and part and parcel of its confidential information with respect to this Area as any physical data which it had in its possession, such as maps, drill cores, etc., and that he had no right, after leaving the plaintiff's employ, to use this concept as to this particular Area or Prospect for his own personal benefit and gain.

It was the contention of John W. Tlapek and his counsel at the trial that this suit was brought by the plaintiff not with the bona fide purpose of recovering these leases for itself, but solely for destroying the reputation of John W. Tlapek and he alleged that his reputation had been destroyed and that he should recover a large sum in compensatory damages and an even greater sum as punitive damages. There is nothing in the evidence to sustain these allegations and they are found to be without merit.

John W. Tlapek testified that he at all times had kept representatives of the plaintiff informed of his intention to lease the McNeil Area or Prospect. The evidence shows, however, that he was warned by C. H. Ramsden, his former superior in the Exploration Department of The California Company, that it would be unethical for him to resign his position with the plaintiff and immediately lease up this Area or Prospect at a time when it was undisputed the plaintiff was continuing its study thereof and collecting and seeking additional material and information, particularly seismic information with respect thereto, and he cannot excuse his actions by saying that he told certain employees of the plaintiff of his intentions. Furthermore, the record shows that on the day following recordation of the first 23 leases, the plaintiff wrote and sent him a letter warning him to proceed no further with his plans and that the plaintiff considered these leases its property. The record further shows that despite this letter he ignored the warning and proceeded to enter into contracts with Union Producing Company and R. L. Milam to sell an undivided interest in the leases and to have a well drilled on the leases; further, that during all of this time he was interviewing numerous people in an effort to sell them fractional interests in the leases for various considerations, and that many of his co-defendants in this action had purchased interests from him directly or indirectly prior to the filing of this suit.

John W. Tlapek in his supplemental answer pled Estoppel and Laches as defenses to plaintiff's cause of action herein. His counsel relied upon the two Arkansas cases of Smith v. Olin Industries, 224 Ark. 606, 275 S.W.2d 439, and Grimes v. Carroll, 217 Ark. 210, 229 S.W. 2d 668, in support of the contention that one claiming an interest in mineral rights must assert his claim promptly. Neither of these cases are applicable on their facts with the facts of this case. In the first place, John W. Tlapek knew that the plaintiff had not abandoned the

McNeil Area or Prospect but that on the contrary it was continuing its study of the same at the time he resigned from its employ and also at the time he began his leasing activities. Further, he had been told by Mr. C. H. Ramsden, Division Exploration Superintendent of The California Company, that it would be unethical for him to lease the Area under these circumstances. The record disclosed that a letter was written by Mr. Ramsden to John W. Tlapek advising him that the plaintiff considered these leases as its property and warned him about proceeding further. Mr. Ramsden's said letter to Mr. Tlapek was written on March 13, 1964. Despite this warning, John W. Tlapek proceeded with his plans and entered into contracts with Union Producing Company and the defendant, R. L. Milam, for the drilling of a well to the Smackover Formation on the leased lands.

■ The record further shows that the plaintiff filed this suit within less than sixty days after the first filing of leases for record in Columbia County, Arkansas, and followed promptly with a notice of Lis Pendens, and that it did so without waiting to see whether or not the leased area would prove to be productive. In Smith v. Olin Industries, supra, the plaintiff waited seventeen years to bring suit to recover the mineral rights there involved after their cause of action arose and not then until they discovered that the mineral rights had suddenly become quite valuable; and in Grimes v. Carroll, supra, the plaintiffs waited fifteen years to bring suit to recover the land there involved. These cases do not support the contentions of the defendant, John W. Tlapek.

In addition to the wrong done the plaintiff by John W. Tlapek there is another element which must be taken into consideration in determining the legal aspects of Mr. Tlapek's actions, and that element is the public interest which is involved in a situation of this kind.

In keeping with the principles that make for a sound and orderly industry offering employment and livelihood to many thousands of geologists the Courts have held in situations of this kind that it is in the public interest to hold such an employee to a strict account of his obligations to his former employer and he will not be permitted to profit from such knowledge to the detriment of his former employer. 47 Va.Law Review, 583–584 (1961); Winston Research Corp. v. Minnesota Mining & Manufacturing Co., 9 Cir., 350 F.2d 134, 138. The remedy afforded by the Courts to an employer in instances where an employee or former employee uses confidential information for his personal benefit is to hold that the property or gain so acquired by the employee is held by him as a constructive trustee for the employer of the former employee. McHugh v. Jeffries, 207 Ark. 890, 183 S.W.2d 309; Hunter v. Shell Oil Co., 5 Cir., 198 F.2d 485; Russell v. Republic Production Company, 5 Cir., 112 F.2d 663; and Beatty v. Guggenheim Exploration Co., 225 N.Y. 380, 122 N.E. 378, 380.

■ Furthermore, those who join with the primary wrongdoer in acquiring interests in the subject matter of the trust, because of actual or constructive knowledge of the facts under which the primary wrongdoer obtained knowledge of the subject matter of the trust, will likewise be held accountable to the rightful owner of the property. Thus, in this case those co-defendants of John W. Tlapek who acquired their interests in these leases with actual or constructive knowledge of the circumstances under which John W. Tlapek obtained his information with respect thereto and of his acquisition of said leases are not entitled to hold their interests so acquired as against the plaintiff. Hunter v. Shell Oil Co., supra, 198 F.2d at page 488.

From the evidence it is clear that the defendants, George Aaron, Herman Miller, D. L. Gill, Weldon D. McIntosh, Fred E. Kennedy, Terry H. Hairston, Charles J. Tlapek, John C. Tracy, James H. Stringer, Jr., Howard Jenkins, Jr., Norris Ellis, Charles E. Dickerson, James Webley Riddle, Leo Price, Mrs. A. J. Noullet and Mrs. J. T. Hicks, each were

advised by John W. Tlapek in the presence of the defendant, D. L. Gill, of the circumstances under which John W. Tlapek had obtained his knowledge of the McNeil Area or Prospect and all of the defendants accepted his oral statement to them that the plaintiff was not interested in said Prospect or in leasing the same for its benefit. It is also undisputed that none of these defendants made inquiry of the plaintiff to ascertain whether or not this representation was true. Thus, these defendants all had constructive notice and knowledge of the plaintiff's interest and rights in the McNeil Prospect and these leases.

■ The Supreme Court of Arkansas and the Federal Courts applying the law of Arkansas have long been committed to the doctrine that notice of facts which put a man of ordinary intelligence on inquiry is equivalent of knowledge of all the facts that a reasonable inquiry would disclose. Trinity Royalty Company, Inc. v. Riggins, 199 Ark. 939, 136 S.W.2d 473; Waller v. Dansby, 145 Ark. 306, 224 S.W. 615; Walker-Lucas-Hudson Oil Company v. Hudson, 168 Ark. 1098, at page 1107, 272 S.W. 836, and Reynolds et al. v. Moseley et al., 8 Cir., 32 F.2d 979. The Court finds, therefore, that all of said defendants hold their interests in said leases as constructive trustees for the plaintiff.

It is also clear from the evidence that the defendants, John H. Martin, Tommy J. Carson, R. T. Hickerson, Cooper Jacoway and Knox Gill each and all were told before they invested in these leases that John W. Tlapek had acquired his knowledge of the McNeil Area or Prospect while working for the plaintiff in the study of the Area for the plaintiff and had decided to resign and lease the Area for himself because the plaintiff was not interested in leasing it for itself. None of these defendants made any inquiry of the plaintiff to ascertain whether or not this representation was true. They, too, hold their interests in these leases as constructive trustees for the plaintiff.

It further appears that the defendants, Russell Brogdon, Una Brogdon, Angeline K. Nama, Leo G. Stephens (or Stephan) each acquired their respective interests in these leases through the assignment dated the 25th day of May, 1964, filed for record in the office of the Circuit Clerk and Ex Officio Recorder of Columbia County, Arkansas, on the 26th day of May, 1964, and which is recorded in Book 230 at Page 160 of the Oil and Gas Lease Records of said office and County.

■ Since this suit was filed on May 8, 1964, and the Lis Pendens herein was filed in said office and County on the 15th day of May, 1964, these defendants had constructive notice and knowledge of this suit and of plaintiff's interest in and right to said leases at the time they acquired their respective interests. Constructive notice under the Lis Pendens is just as effective to protect the rights of the plaintiff as actual notice—see Section 27–501 of Arkansas Statutes Annotated (1947), Mitchell v. Federal Land Bank of St. Louis, 206 Ark. 253, 174 S.W.2d 671 (1943), Shouse v. Scovill, 200 Ark. 441, 139 S.W.2d 240 (1940). See also Section 1282 of Annotated Supplement to Jones Arkansas Titles at pages 759–760.

These defendants, therefore, should be held to be constructive trustees for the plaintiff as to the respective interests which they obtained from John W. Tlapek.

■ It appears from the evidence that the defendants, W. C. Waldrip, Helen C. Waldrip, Mrs. Lillian Wolford and Monarch Building Materials Corporation, acquired their respective interests in said leases through an assignment dated May 4, 1964, and filed for record in the aforesaid office and County on May 12, 1964, and recorded in Book 230 at Page 131 of the Oil and Gas Lease Records of said office and County, and that at the time of such acquisition and filing none of these defendants had either actual or constructive notice or knowledge of plaintiff's rights and interest in said leases. The Court finds,

therefore, that W. C. Waldrip, Helen C. Waldrip, Mrs. Lillian Wolford and Monarch Building Materials Corporation, hold their respective interests in said leases acquired through the last mentioned and described assignment as bona fide holders for value, free of the claims of the plaintiff thereto.

It further appears that on the 19th day of February, 1965, John W. Tlapek and Lucille Rose Kraenzle Tlapek, his wife, executed an assignment to the defendants, D. L. Gill, Weldon D. McIntosh, Terry H. Hairston, Howard Jenkins, Jr., Charles B. Dickerson, James Webley Riddle, Leo Price, Mrs. A. J. Noullet, George Aaron, Herman Miller, W. C. Waldrip, Helen C. Waldrip, Mrs. Lillian Wolford, Monarch Building Materials Corporation, Russell Brogdon, Una Brogdon, Mrs. Angeline K. Nama and Leo G. Stephens, which purported to assign to the aforesaid assignees all of the right, title and interest of John W. Tlapek then held by him in and to said leases. Said assignment was filed for record in the aforesaid office and County on the 11th day of March, 1965, and is recorded in Book 234 at Page 98, of the Oil and Gas Lease Records of Columbia County, Arkansas. Since this assignment and conveyance was made many months after this suit and the Lis Pendens Notice therein was filed, such conveyance was made by John W. Tlapek and wife and such respective interests acquired by said defendants with both actual notice and constructive notice of the claims and rights of the plaintiff in the McNeil Area and Prospect and of these leases and all of said defendants hold the interests so conveyed to them by said last mentioned assignment as constructive trustees for the plaintiff.

Although all of the co-defendants of John W. Tlapek and Lucille Rose Kraenzle Tlapek who filed answers herein (save and except Charles J. Tlapek) also filed cross-claims against the defendant, John W. Tlapek, for recovery of damages for alleged misrepresentation of facts respecting plaintiff's continuing interest in the McNeil Area or Prospect, in the event of a finding by the Court that said co-defendants were not entitled to hold their respective interests in said leases as against the plaintiff, no substantial proof was offered at the trial by any of the cross-claimants in support of the allegations of these cross-claims. Such proof as was offered that would have any bearing at all upon this issue was proof offered by the plaintiff for the purpose of showing that these same co-defendants had actual or constructive notice and knowledge of plaintiff's claims. The Court concludes, therefore, that no recovery should be allowed on these cross-claims.

## CONCLUSIONS OF LAW

1. The Court has full and complete jurisdiction of the subject matter of this cause and of all of the parties thereto.

2. The defendants, John W. Tlapek and Lucille Rose Kraenzle Tlapek, his wife, hold title to their respective interests in the oil, gas and mineral leases involved in this suit as constructive trustees of and for the plaintiff, and their titles thereto should be divested from them and vested in the plaintiff.

3. The defendants, George Aaron, Herman Miller, D. L. Gill, Weldon D. McIntosh, Fred E. Kennedy, Terry H. Hairston, Charles J. Tlapek, John C. Tracy, James H. Stringer, Jr., Howard Jenkins, Jr., Norris Ellis, Charles E. Dickerson, James Webley Riddle, Leo Price, Mrs. A. J. Noullet, Mrs. J. T. Hicks, John H. Martin, Tommy J. Carson, R. T. Hickerson, Russell Brogdon, Una Brogdon, Angeline K. Nama, Leo G. Stephan (or Stephens), Cooper Jacoway and Knox Gill, all hold title to their respective interests in the oil, gas and mineral leases involved in this suit as constructive trustees of and for the plaintiff and their titles thereto should be divested from them and vested in the plaintiff.

4. The defendants, W. J. Waldrip, Helen C. Waldrip, Mrs. Lillian Wolford, and Monarch Building Materials Corporation are entitled to retain, as bona fide purchasers for value without notice, actual or constructive, of plaintiff's inter-

est in and right to the oil, gas and mineral leases involved in this suit, the respective fractional interests which each of said defendants acquired therein through that certain instrument of assignment bearing the caption "Assignment of Interest in Oil, Gas and Mineral Leases" dated the 4th day of May, 1964, and filed for record in the office of the Circuit Clerk and Ex Officio Recorder of Columbia County, Arkansas, on the 12th day of May, 1964, and is now of record in Book 230 at Page 131 thereof, of the Oil and Gas Lease Records of said office and County, but these four (4) defendants hold title to their respective additional interests in said leases acquired through any and all other instruments of assignment executed to them by John W. Tlapek, as constructive trustees of and for the plaintiff and their titles to such additional interests should be divested from them and vested in the plaintiff.

5. All assignments made by the defendant, John W. Tlapek, to any and all of the above mentioned defendants (save and except only the assignments of fractional interests made to the defendants, W. J. Waldrip, Helen C. Waldrip, Mrs. Lillian Wolford and Monarch Building Materials Corporation in the aforesaid instrument recorded in Book 230 at Page 131 thereof of the records of Oil and Gas Leases of Columbia County, Arkansas) should be cancelled and held for naught as clouds upon the title of the plaintiff to the leases involved in this suit.

6. All unrecorded lease and royalty assignments and conveyances of operating interests in said leases made by the defendant, John W. Tlapek, to any of the defendants in this suit should be cancelled as clouds upon the title of the plaintiff to said leases.

7. The cross-complaint (counterclaim) of John W. Tlapek against the plaintiff should be dismissed for want of equity.

8. The counter-claims of all the defendants, George Aaron, Herman Miller, D. L. Gill, Weldon D. McIntosh, Fred E. Kennedy, Terry H. Hairston, Charles J. Tlapek, John C. Tracy, James H. Stringer, Jr., Howard Jenkins, Jr., Norris Ellis, Charles E. Dickerson, James Webley Riddle, Leo Price, Mrs. A. J. Noullet, Mrs. J. T. Hicks, John H. Martin, Tommy J. Carson, R. T. Hickerson, Russell Brogdon, Una Brogdon, Angeline K. Nama, Leo G. Stephan (or Stephens), Cooper Jacoway, Knox Gill, W. J. Waldrip, Helen C. Waldrip, Mrs. Lillian Wolford and Monarch Building Materials Corporation, against the plaintiff should be dismissed for want of equity.

9. The cross-claims of any and all of the co-defendants of John W. Tlapek against John W. Tlapek should be dismissed for lack of proof to sustain the allegations thereof.

10. Plaintiff should have judgment for and recover of and from the defendant, John W. Tlapek, the sum of $8,500.-00 as the difference between the total sum of $10,000.00 collected by John W. Tlapek from the defendants, W. J. Waldrip, Helen C. Waldrip, Mrs. Lillian Wolford and Monarch Building Materials Corporation, less the sum of $1,500.00 expended by John W. Tlapek personally as a part of the cost of acquisition of the leases involved in this suit.

11. Plaintiff's costs herein should be borne by John W. Tlapek. John W. Tlapek and his co-defendants should each bear their respective costs.

A judgment and decree will be entered in accordance with the foregoing opinion.